

Case 1:23-cv-03159-VEC   Document 17   Filed 11/15/23   Page 1 of 3

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/15/2023

**SHAKED LAW GROUP, P.C.**
ATTORNEYS-AT-LAW
14 HARWOOD COURT, SUITE 415
SCARSDALE, NEW YORK 10583

_____

TEL.  (917) 373-9128
ShakedLawGroup@Gmail.com

November 14, 2023

**Via ECF**
The Honorable Valerie E. Caproni
United States District Judge
Southern District of New York
40 Foley Square
New York, NY 10007

Re:  **Reid v. Lamas Beauty Inc.**
     **Case No. 1:23-cv-03159-VEC**

Dear Judge Caproni:

In accordance with Federal Rule of Civil Procedure 37.2, your Honor's Individual Practices and Civil Cases, Paragraph 3B, and Paragraph 5d of the Civil Case Management Plan and Scheduling Order (the "CMP"), Plaintiff is writing to Your Honor to seek assistance with irreconcilable differences that the parties have regarding discovery disputes and regarding the referral of the matter to a Magistrate Judge for a settlement conference.

**Settlement Conference**

On August 11, 2023, Your Honor "so ordered" the CMP [Docket # 11]. Paragraph 5d called for the matter to be referred to a Magistrate Judge for a settlement conference "immediately" **or** "after the close of fact discovery." Defendant noted in the CMP that at the time the CMP was "so ordered" it did "not have enough information from Plaintiff to meaningfully engage in settlement discussions." As of today, Plaintiff has responded to Defendant's discovery demands and NO objections have been raised. Therefore, Plaintiff believe that this case is ready to be referred to a Magistrate Judge for a settlement conference.

**The Discovery Dispute**

Plaintiff served Defendant with its Request for Admissions, First Set of Interrogatories, and Request for Production of Documents on August 28, 2023. After granting several extensions of time to respond, responses were finally received on October 19, 2023.

The responses were, for lack of another term, <u>non-responsive</u>. Out of the 20 Requests for Production of Documents, 19 were responded to with "Defendant respectfully refers Plaintiff to Defendant's website." The referral to Defendant's website is simply not an answer.

Hon. Valerie E. Caproni
November 14, 2023
Page 2

With regard to the Interrogatories, out of the 19 Interrogatories, five (5) were responded to with "Defendant respectfully refers Plaintiff to Defendant Rule 26(a) initial disclosures;" eight (8) were responded to with "Defendant respectfully identifies AccessiBe.com (https://accessibe.com). The remaining six (6) Interrogatories were not responded to with anything other than objections. Not a single shred of paper was produced. Plaintiff would like to remind the Court that the word "respectfully" does not does not relieve Defendant of its obligations to respond.

Plaintiff's counsel reached out to Defendant's counsel to "meet and confer," as is required under the FRCP and Your Honor's Rules. Getting an agreeable time to discuss was like pulling teeth. Nevertheless, on October 31, 2023, a telephone call was held. Before discussing the specifics of the discovery dispute, I raised the possibility of an amicable resolution with Defendant's counsel. He agreed that this would be a good idea and that he will discuss same with his client. We agreed to reconnect a week later, after Defendant's counsel had a chance to discuss the matter with his client. I reached out to Defendant's counsel on several occasions and was notified that he did not talk to his client at all. We scheduled a second "meet and confer" on November 9, 2023. Defendant's counsel still had not talked to his client and made it clear that he will not talk to his client about settlement – not sure if this is Defendant's position or Defendant's counsel's position. Defendant's promise to discuss an amicable resolution was simple a "delay tactic." The Court should be reminded that this case was filed on April 17, 2023 – nearly 7 months ago - and Defendant has never shown any interest in discussing an amicable resolution. We then proceeded to discuss the discovery dispute and Defendant's counsel made it clear that they will not produce any documents and will not respond to any Interrogatories beyond what they already claim to have allegedly produced.

Following Your Honor's Rules, I then asked Defendant's counsel to provide me with three (3) dates on which he is available to hold a joint call with Chambers. To date, I did not receive a response.

Plaintiff respectfully requests that Your Honor order that the parties appear for a teleconference to discuss the discovery dispute or in the alternative, allow Plaintiff to submit a letter motion to compel. In addition, the parties request that the matter be referred to a Magistrate Judge for a settlement conference.

Thank you for your attention to this matter.

Respectfully submitted,
*/s/ Dan Shaked*
Dan Shaked, Esq.

cc: Jason Mizrahi, Esq.

Defendant must file a letter indicating whether it agrees to a referral to the Magistrate Judge for a settlement conference no later than **November 17, 2023**.

SO ORDERED.

*[signature: Valerie Caproni]*   11/15/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE